## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHIRLEY A. HILSTER and
CHARLES W. HILSTER, JR.,

        Plaintiffs,

vs.

AIR & LIQUID SYSTEMS
CORPORATION,
individually and as successor-in-interest
to Buffalo Pumps, Inc.;
A. O. SMITH CORPORATION;
ARMSTRONG INTERNATIONAL, INC.;
AURORA PUMP COMPANY;
BECHTEL CORPORATION;
BW/IP INC., and its wholly-owned
subsidiaries;
CARBOLINE COMPANY;
CENTRAL HUDSON GAS & ELECTRIC
CORPORATION;
COPES-VULCAN, INC.;
CRANE CO.;
CRANE INSTRUMENTATION &
SAMPLING, INC. f/k/a Circor
Instrumentation Technologies, Inc. f/k/a
Hoke Inc.;
CROSBY VALVE, LLC;
DANA COMPANIES LLC, successor-by
merger to Dana Corporation;
DEZURIK, INC.;
DUQUESNE LIGHT COMPANY;
EATON HYDRAULICS LLC, as
successor by-merger to Eaton Hydraulics,
Inc. as successor-in-interest to Vickers
Inc.
ECKEL INDUSTRIES, INC.;

Case No. 2:20-cv-1537 _____

**Notice of Notice of Removal**

1

ELECTRIC BOAT CORPORATION, a
subsidiary of General Dynamics
Corporation;
ELECTROLUX HOME PRODUCTS,
INC.;
EMERSON ELECTRIC CO., individually
and as successor-in-interest to Copeland
Corporation;
ENTERGY CORPORATION, individually,
and as successor-in-interest to Entergy
Nuclear Vermont Yankee, LLC;
EXELON CORPORATION;
EXELON GENERATION COMPANY,
LLC, a subsidiary of Exelon Corporation;
FIRSTENERGY CORP.;
FLOWSERVE CORPORATION f/k/a The
Duriron Company Inc.;
FMC CORPORATION;
FOSTER WHEELER ENERGY
CORPORATION;
GENERAL DYNAMICS CORPORATION;
GENERAL ELECTRIC COMPANY;
GOULDS PUMPS LLC;
GRINNELL LLC d/b/a Grinnell
Corporation;
IMO INDUSTRIES, INC.;
ITT, LLC, f/k/a ITT Corporation, ITT
Industries Inc., ITT Fluid Products Corp.,
Hoffman Specialty Mfg. Corp., Bell and
Gossett Company, and ITT Marlow;
IU NORTH AMERICA, INC. as
successor-by merger to The Garp
Company f/k/a The Gage Company f/k/a
Pittsburgh Gage And Supply Company;
METROPOLITAN LIFE INSURANCE
COMPANY, a wholly-owned subsidiary of
MetLife, Inc.;
MIDAMERICAN ENERGY COMPANY;
NIANTIC SEAL INC.;

2

NIANTIC SEAL RIP, INC. f/k/a Niantic
Seal Inc. f/k/a Niantic Rubber Company;

PENNSYLVANIA ELECTRIC COMPANY,
a wholly-owned subsidiary of FirstEnergy
Corp.;

PSEG NUCLEAR LLC, a subsidiary of
Public Service Enterprise Group
Incorporated;

PSEG POWER LLC, a subsidiary of
Public Service Enterprise Group
Incorporated;

PUBLIC SERVICE ENTERPRISE
GROUP INCORPORATED;

SCHNEIDER ELECTRIC SYSTEMS
USA, INC. f/k/a Invensys Systems, Inc.;

SEMINOLE ELECTRIC COOPERATIVE,
INC.;

SEQUOIA VENTURES, INC. f/k/a
Bechtel Corporation;

SPENCE ENGINEERING COMPANY,
INC.;

THE GOODYEAR TIRE & RUBBER
COMPANY;

THE WILLIAM POWELL COMPANY;

TRI-STATE GENERATION AND
TRANSMISSION ASSOCIATION, INC.;

VERMONT YANKEE NUCLEAR POWER
CORPORATION;

VIACOMCBS INC. f/k/a CBS Corporation,
a Delaware corporation f/k/a Viacom, Inc.,
successor by merger to CBS Corporation,
a Pennsylvania corporation f/k/a
Westinghouse Electric Corporation, and
also as successor-in-interest to BF
Sturtevant;

VIKING PUMP, INC.;

VISTRA CORP. f/k/a Vistra Energy Corp.
as successor-in-interest to Dynegy Inc.;

WARREN PUMPS LLC;

WEIR VALVES & CONTROLS USA INC.,

3

individually and as successor-in-interest
to Atwood & Morrill Co., Inc.;
YUBA HEAT TRANSFER LLC;
,

                    Defendants.

### NOTICE OF REMOVAL ON BEHALF OF DEFENDANTS ELECTRIC BOAT COROPRATION AND GENERAL DYNAMICS CORPORATION

Defendants Electric Boat Corporation [1] ("Electric Boat") and General Dynamics Corporation ("General Dynamics") (collectively "Defendants") file this Notice of Removal in the above-entitled case transferred from the Court of Common Pleas of Allegheny County (Civil Action No. GD-20-009581) to the United States District Court for the Western District of Pennsylvania pursuant to the federal officer jurisdiction conferred by 28 U.S.C. §§ 1442 and 1446.

1.      On or about September 8, 2019, Plaintiffs Shirley A. Hilster and Charles W. Hilster Jr. initiated a civil action entitled *Shirley A. Hilster and Charles W. Hilster Jr. v. Air & Liquid Systems Corporation, et. al.,* Case No. GD-20-009581 in the Court of Common Pleas of Allegheny County, Pennsylvania. A true and correct copy of the Complaint is attached hereto as **Exhibit 1**.

2.      This action is removable by Defendants based on the allegations in the complaint because all of the elements of federal jurisdiction are present.

3.      Defendants' removal is therefore timely pursuant to 28 U.S.C § 1446(b) and Fed. R. Civ. P. 6(a)(1)(C) because Defendants removed within thirty days of learning that the action was removable through Mrs. Hilster's complaint which Electric Boat received on September 15, 2020 and General Dynamics received on September 17, 2020.

---

[1] Defendants do not waive any defenses including but not limited to personal jurisdiction, which Defendants specifically reserve.

4.      Removal to the United States District Court for the Western District of
Pennsylvania is proper under 28 U.S.C. § 1441(a) because the Complaint was filed in the Court
of Common Pleas of Allegheny County, Pennsylvania, which is located within the jurisdiction
of this district.

5.      Plaintiffs allege Mrs. Shirley Hilster was exposed to asbestos from contact with her
husband's work clothes and person when greeting, laundering his work clothes and spending time
in his vehicle.  Plaintiffs allege Mr. Charles Hilster was employed as a pipefitter, hydraulic
pipefitter, new construction project manager and maintenance supervisor by various premises
form approximately 1958 to 1987 and 1989 to 1995. During that period, Mr. Hilster worked at
Electric Boat in Groton, CT.  *See* Compl. (**Ex. 1**) at ¶¶ 114-118.

6.      Removal is proper under 28 U.S.C. § 1442(a)(1) where the removing defendant
establishes that: (1) the defendant is a person under the statute; (2) the defendant was acting
under the direction of a federal officer when it engaged in the allegedly tortious conduct; (3)
there is a causal nexus between the plaintiff's claims and the defendant's actions under federal
direction; and (4) the defendant has raised a colorable defense based on federal law. *See Mesa v.
California*, 489 U.S. 121, 124–25, 129–31, 134–35 (1989).

7.      The United States Court of Appeals for the Third Circuit held that a defendant could
properly remove a case where the plaintiff alleged exposures to products manufactured and sold
pursuant to military contracts, finding that the defendant-manufacturer had met all of the
requirements of federal-officer removal on the basis of allegations and evidence similar to those
submitted here.  *See Papp v. Fore-Kast Sales Co., Inc*., 842 F.3d 805, 815 (3rd Cir. 2016).
Specifically, the court found that the federal officer removal statute was satisfied where defendant
Boeing asserted that the equipment in question was "produced for, and under the specific supervision

of, the United States military;" that the "government's oversight extended to labels and warnings for all parts" of the equipment; and that "to the extent that the dangers of asbestos were known at the time, the government's knowledge of those dangers was superior to that of Boeing." *Id*. at 810.

8.      The Second, Fourth, Fifth, Seventh, and Ninth Circuits have upheld the rights of defendants to remove asbestos personal-injury actions involving allegations of exposure on U.S. Navy ships.  *See Cuomo v. Crane Co.*, 711 F.3d 113 (2d Cir. 2014); *Sawyer v. Foster Wheeler LLC*, 860 F.3d 249 (4th Cir. 2017); *Zeringue v. Crane Co.*, 846 F.3d 785 (5th Cir. 2017); *Ruppel v. CBS Corp.*, 701 F.3d 1176 (7th Cir. 2012); *Leite v. Crane Co.*, 749 F.3d 1117 (9th Cir. 2014).

9.      Thus, as the Third Circuit and five other United States Courts of Appeals have now recognized, all four elements of the removal analysis are satisfied in cases where the allegations are substantially similar to those put forward by Plaintiffs here.

10.     First, Electric Boat and General Dynamics, as corporations, qualify as a "person" for purposes of the statute. *See Papp*, 842 F.3d at 812 (finding defendant Boeing is a person pursuant to 1 U.S.C. § 1).

11.     Second, Electric Boat and General Dynamics were "acting under" the direction of the Navy pursuant to Navy specifications and requirements.  *See* Affidavit of John B. Padgett, III ("Padgett Aff.") at ¶¶ 9-15, attached as **Exhibit 2**,*see also Papp,* 842 F.3d at 813 ("In fact, we are presented here with an archetypal case.  Papp's allegations are directed at actions Boeing took while working under a federal contract to produce an item the government needed, to wit, a military aircraft, and that the government would otherwise have been forced to produce on its own.").

12.     More specifically, the Navy has issued Military Specifications (MILSPECs) for various products – including the types of products and systems allegedly designed, manufactured, or supplied by Defendants here – and certain MILSPECs required the use of asbestos or asbestos

components. *See* Padgett Aff. at ¶¶ 17, and 31-33. Compliance with the specifications for equipment to be used on Navy ships was directly monitored by Naval Machinery Inspectors. *See* Padgett Aff. at ¶¶ 41 and 43. As a result, unless Defendants products and work were first determined to be in conformity with all applicable Navy specifications, they could not be installed aboard Navy ships. *See* Padgett Aff. at ¶¶ 15-16, 25, and 60.

13.     The Navy's specifications governed not only the design and construction of Defendants' products and work, but also the form and content of any labeling, product literature, or warnings supplied with the products. *See* Padgett Aff. at ¶¶ 18, and 38-48.

14.     The "acting under" element of the removal analysis is satisfied here given the Navy's direct and detailed control over the design and manufacture of Defendants' products, work, and any accompanying literature/labeling,

15.     Third, in light of the Navy's direction and control of both the design and manufacture of Defendants' products and work, there is a strong "causal nexus" between Plaintiff's claims and Defendants' allegedly tortious actions. Indeed, Plaintiffs' claims against Electric Boat depend solely on actions Electric Boat allegedly took in accordance with directions and specifications issued by the Navy.

16.     Finally, Electric Boat's and General Dynamics' government contractor defense is a colorable federal defense to Plaintiff's claims. As set forth by the United States Supreme Court in *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988), the government contractor defense applies when (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about any dangers inherent in use of the equipment that were known to the supplier but not to the United States.

17.     As the Third Circuit held when faced with a similar fact pattern in *Papp*, Electric Boat and General Dynamics have a colorable government contractor defense because, as detailed above, Defendants' products and work – as well as any labeling, product literature, or warnings supplied with those products – were designed and manufactured in accordance with precise specifications approved, and enforced, by the Navy. *See* Padgett Aff. at ¶¶ 9-15; *see also Papp*, 842 F.3d at 81415 (finding Boeing manufactured the military equipment at issue pursuant to precise specifications promulgated by the government).

18.     The operation of the Groton, CT facility by General Dynamics and Electric Boat functioned pursuant to government contract for the assembly, overhaul, repair, and modification of the U.S. Navy's combat fleet.   *See* Padgett Aff. at  ¶¶ 20.

19.     The Navy possessed "state of the art" knowledge regarding the hazards of asbestos equal to or superior to its contractors, such as Electric Boat and General Dynamics. *See* Padgett Aff. at ¶¶ 19, 50-54.

20.     These averments, and the evidence supporting them, establish a colorable government contractor defense and satisfy all elements of the federal-officer removal statute. *See Papp*, 842 F.3d 805; *Zeringue*, 846 F.3d 785; *Leite*, 749 F.3d 1117; *Cuomo*, 771 F.3d 113; *Sawyer*, 860 F.3d 249; *Ruppel*, 701 F.3d 1176.

21.     A copy of the complete docket as of the date of filing and copies of all pleadings and papers on file with the Department of Court Records for the Allegheny County, Pennsylvania Court of Common Pleas to date, as Exhibit 3.001-3.026[2].  These papers include, without limitation,

---

[2] It is possible that some filings in the state court have occurred in the short interval between the time that Defendants obtained such copies from the court and the filing of this removal.  Electric Boat Corporation and General Dynamics Corporation are prepared to supplement this filed, if required, with any such items filed up to the date of filing of the notice of removal.

all "process, pleadings, and orders served upon" Electric Boat Corporation and General Dynamics Corporation as required by 28 U.S.C. § 1446(a).

22.     WHEREFORE, Defendants Electric Boat and General Dynamics requests that this Court assume jurisdiction over this matter on removal from the Court of Common Pleas of Allegheny County, Pennsylvania.

**A JURY TRIAL IS DEMANDED**

Respectfully submitted,

By: /s/  James B. Insco
    James B. Insco, Esquire, PA I.D. 91250
    GORDON REES SCULLY MANSUKHANI LLP
    707 Grant Street, Suite 3800
    Pittsburgh, PA 15219
    412-995-5254
    jinsco@grsm.com

    Counsel for Electric Boat Corporation and
    General Dynamics Corporation

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 12th day of October 2020, a true and correct copy of the foregoing Notice of Removal was served upon plaintiffs' counsel and all defense counsel of record through the Court's CM/ECF system.  Absent confirmation from the court that such electronic service has been made, service is being made upon plaintiffs' counsel by first class mail, postage prepaid, address as follows, and upon all other known counsel of record at the address and in the manner set forth on the attached Service List:

Craig E. Coleman, Esquire
CAROSELLI, BEACHLER & COLEMAN
20 Stanwix Street, Suite 700
Pittsburgh, PA  15222

Benjamin D. Braly, Esquire
Jessica M. Dean, Esquire
DEAN OMAR BRANHAM SHIRLEY, LLP
302 N. Market Street, suite 300
Dalls, TX 75202

GORDON REES SCULLY MANSUKHANI LLP

By: /s/  James B. Insco

James B. Insco, Esquire, PA I.D. 91250
707 Grant Street, Suite 3800
Pittsburgh, PA 15219
412-995-5254
jinsco@grsm.com

Counsel for Electric Boat Corporation and
General Dynamics Corporation

COUNSEL LIST

SHIRLEY A. HILSTER and CHARLES W. HILSTER, JR. v.
AIR & LIQUID SYSTEMS CORPORATION, et al.

To the extent the parties are not served pursuant to the Court's CM/ECF system, service of the foregoing pleading (without exhibits) is being made upon counsel for all parties by electronic mail or first class mail as follows, this 12th day of October 2020.  Copies of al exhibits will be provided to any party upon request.

| Party | Counsel of Record |
|---|---|
| SHIRLEY A. HILSTER and CHARLES W. HILSTER, JR. (Plaintiffs), | Craig Coleman, Esquire<br>CAROSELLI, BEACHLER & COLEMAN<br>20 Stanwix Street, Suite 700<br>Pittsburgh, PA  15222<br>(412)391-9860<br><br>Benjamin Braly, Esquire<br>Jessica M. Dean, Esquire<br>DEAN OMAR BRANHAM SHIRLEY, LLP<br>302 N. Market Street, Suite 300<br>Dallas, TX  15222<br>(214)722-5990 |
| AIR & LIQUID SYSTEMS CORPORATION, successor-by-merger to Buffalo Pumps, Inc., | 2595 Interstate Drive<br>Harrisburg, PA 17110 |
| A.O. SMITH CORPORATION, | Andrew F. Adomitis, Esquire<br>Leo Gerard Daly, Esquire<br>Litchfield Cavo LLP<br>Two Gateway Center, 10th Floor<br>603 Stanwix Street<br>Pittsburgh, PA 15222<br>(412) 291-8240 |
| ARMSTRONG INTERNATIONAL, INC., | Richard C. Polley, Esquire<br>Shannan Noe Cerrone, Esquire<br>Dickie, McCamey & Chilcote, P.C.<br>Two PPG Place, Suite 400<br>Pittsburgh, PA 15222-5402<br>(412) 281-7272 |
| AURORA PUMP, | Joseph R. Schaper, Esquire |

| Party | Counsel of Record |
|---|---|
|  | Maron Marvel Bradley Anderson & Tardy LLC<br>The Landmarks Building Suite 250<br>100 West Station Square Drive<br>Pittsburgh, PA 15219<br>(412) 281-5560<br>James P. Hadden, Esquire<br>Three Logan Square<br>1717 Arch Street, Suite 3710<br>Philadelphia, PA 19103<br>(215) 231-7100 |
| BECHTEL CORPORATION, | Dennis R. McEwen, Esquire<br>Daniel J. Sinclair, Esquire<br>Alison R. Viola, Esquire<br>Eckert Seamans Cherin & Mellott, LLC<br>US Steel Tower<br>600 Grant Street, 44th Floor<br>Pittsburgh, PA 15219<br>(412) 566-6000 |
| BW/IP, INC., | No Appearance docketed |
| CARBOLINE COMPANY, | 2704 Commerce Drive<br>Harrisburg, PA  17110 |
| CENTRAL HUDSON GAS & ELECTRIC CORPORAITON, | No Appearance docketed |
| COPES-VULCAN, | No Appearance docketed |
| CRANE COMPANY, | Michael J.R. Schalk<br>K&L Gates LLP<br>K&L Gates Center<br>210 Sixth Avenue<br>Pittsburgh, PA 15222-2613<br>(412) 355-6500 |
| CRANE INSTRUMENTATION A& SAMPLING, INC. f/k/aa CIRCOR INSTRUMENTATION TECHNOLOGIES, INC. f/k/a HOKE, INC., | Edward A. Smallwood, Esquire<br>LITCHFIELD CAVO, LLP<br>Two Gateway Center<br>603 Stanwix Street, 10th Floor<br>Pittsburgh, PA  15222<br>(412)291-8243 |
| CROSBY VALVE, LLC | Joseph W. Selep, Esquire<br>Adam S. Auchey, Esquire<br>Zimmer Kunz, PLLC<br>310 Grant Street, Suite 3000 |

| Party | Counsel of Record |
|---|---|
| | Pittsburgh, PA  15219<br>(412)281-8000 |
| DANA COMPANIES LLC, successor-by-merger to DANA CORPORATION, | No Appearance docketed |
| DEZURIK, INC., | No Appearance docketed |
| DUQUESNE LIGHT COMPANY, | Cathy R. Gordon, Esquire<br>Litchfield Cavo, LLP<br>Two Gateway Center<br>603 Stanwix Street, 10th Floor<br>Pittsburgh, PA 15222<br>(412) 291-8243 |
| EATON HYDRAULICS LLC, as successor by merger to EATON HYDRAULICS, INC. as successor-in –interest to VICKERS INC., | 600 North 2nd Street<br>Harrisburg, PA 17101 |
| ECKEL INDUSTRIES, INC. | No Appearance docketed |
| ELECTROLUX HOME PRODUCTS INC., | No Appearance docketed |
| EMERSON ELECTRIC CO., individually and as successor-in-interest to COPELAND CORPORATION, | Joseph W. Selep, Esquire<br>Adam S. Auchey, Esquire<br>Zimmer Kunz, PLLC<br>310 Grant Street, Suite 3000<br>Pittsburgh, PA  15219<br>(412)281-8000 |
| ENTERGY CORPORATION, individually and as successor-in-interest to ENTERGY NUCLEAR VERMONT YANKEE, LLC | Vincent Scaglione, Jr. Esquire<br>Max T. Busatto, Esquire<br>Ashley D. Waldinger, Esquire<br>Dickie, McCamey & Chilcote, P.C.<br>Two PPG Place, Suite 400<br>Pittsburgh, PA 15222-5402<br>(412) 281-7272 |
| EXELON CORPORATION, | 1001 State Street<br>Erie, PA 16501 |
| EXELON GENERATION COMPANY, LLC a subsidiary of EXELON CORPORATION, | 1001 State Street<br>Erie, PA 16501 |
| FIRSTENERGY CORP., | 600 North 2nd Street<br>Harrisburg, PA 17101 |
| FLOWSERVE CORPORATION f/k/a THE DURIRON COMPANY, | Edward A. Miller, Esquire<br>Melissa D. Cochran, Esquire<br>Renee D. Loya, Esquire<br>Steptoe & Johnson PLLC<br>11 Grandview Circle, Suite 200<br>Canonsburg, PA 15317 |

| Party | Counsel of Record |
|---|---|
| | (724) 749-3143 |
| FMC CORPORATION, | W. Matthew Reber, Esquire<br>Christopher S. Arnold, Esquire<br>Eric A. Fischer, Esquire<br>James M. Leety, Esquire<br>Katherine A. Lowery, Esquire<br>Kelley Jasons McGowan Spinelli<br>Hanna & Reber, LLP<br>Two Liberty Place, Suite 1900<br>50 South 16th Street<br>Philadelphia, PA 19102<br>(215) 854-0658<br>Gulf Tower Building, Suite 2701<br>707 Grant Street<br>Pittsburgh, PA 15219<br>(412) 434-6577 |
| FOSTER WHEELER ENERGY CORPORATION, | Dennis F. Wolford, Esquire<br>Kathryn L. Johnston, Esquire<br>Reed, Tosh, Wolford & Douglass<br>999 Third Street<br>Beaver, PA 15009<br>(724) 774-9220 |
| GENERAL ELECTRIC COMPANY, | Bryan S. Neft, Esquire<br>SPILMAN THOMAS & BATTLE, PLLC<br>One Oxford Centre, Suite 3440<br>Pittsburgh, PA  15219 |
| GOULDS PUMPS LLC, | Aaron N. Arthur<br>Morgan, Lewis & Bockius LLP<br>1701 Market Street<br>Philadelphia, PA 19103<br>(215) 963-5498<br><br>Brady S. Edwards, Esquire<br>Morgan, Lewis & Bockius LLP<br>1000 Louisiana Street, Suite 4000<br>Houston, TX  77002<br>(713) 890-5110 |
| GRINNELL LLC d/b/a GRINNELL CORPORATION, | Aaron N. Arthur<br>Morgan, Lewis & Bockius LLP<br>1701 Market Street<br>Philadelphia, PA 19103<br>(215) 963-5498 |

| Party | Counsel of Record |
|---|---|
| | Brady S. Edwards, Esquire<br>Morgan, Lewis & Bockius LLP<br>1000 Louisiana Street, Suite 4000<br>Houston, TX 77002<br>(713) 890-5110 |
| IMO INDUSTRIES, INC., | Eric K. Falk, Esquire<br>Julie Nord Friedman, Esquire<br>Rawle & Henderson, LLP<br>The Henry W. Oliver Building, Suite 1000<br>535 Smithfield Street<br>Pittsburgh, PA 15222<br>(412) 261-5700 |
| ITT, LLC, f/k/a ITT CORPORATION, ITT INDUSTRIES INC., ITT Fluid Products Corp.,HOFFMAN SPECIALTY MFG. CORP., BELL and GOSSETT COMPANY, and ITT MARLOW, | Aaron N. Arthur<br>Morgan, Lewis & Bockius LLP<br>1701 Market Street<br>Philadelphia, PA 19103<br>(215) 963-5498<br><br>Brady S. Edwards, Esquire<br>Morgan, Lewis & Bockius LLP<br>1000 Louisiana Street, Suite 4000<br>Houston, TX 77002<br>(713) 890-5110 |
| IU NORTH AMERICA, INC. as successor-by-merger to THE GARP COMPANY f/k/a The GAGE COMPANY f/k/a PITTSBURGH GAGE AND SUPPLY COMPANY, | 600 North 2nd Street<br>Harrisburg, PA 17101 |
| METROPOLITAN LIFE INSURANCE COMPANY, a wholly-owned subsidiary of METLIFE, INC., | No Appearance docketed |
| MIDAMERICAN ENERGY COMPANY | 600 North 2nd Street<br>Harrisburg, PA 17101 |
| NIANTIC SEAL INC., | No Appearance docketed |
| NIANTIC SEAL RIP, INC. f/k/a NIANTIC SEAL INC. f/k/a NIANTIC RUBBER COMPANY, | No Appearance docketed |
| PENNSYLVANIA ELECTRIC COMPANY, a wholly-owned subsidiary of FIRSTENERGY CORP., | 600 North 2nd Street<br>Harrisburg, PA 17101 |

| Party | Counsel of Record |
|---|---|
| PSEG NUCLEAR LLC, a subsidiary of PUBLIC SERVICE ENTERPRISE GROUP INCORPORATED, | 1001 State Street<br>Erie, PA 16501 |
| PSEG POWER LLC, a subsidiary of PUBLIC SERVICE ENTERPRISE GROUP INCORPORATED, | 1001 State Street<br>Erie, PA 16501 |
| PUBLIC SERVICE ENTERPRISE GROUP INCORPORATED, | No Appearance docketed |
| SCHNEIDER ELECTRIC SYSTEMS USA, INC. f/k/a INVENSYS SYSTEMS, INC., | No Appearance docketed |
| SEMINOLE ELECTRIC COOPERATIVE, INC., | No Appearance docketed |
| SEQUOIA VENTURES, INC. f/k/a BECHTEL CORPORATION, | Dennis R. McEwen, Esquire<br>Eric Horne, Esquire<br>Alison R. Viola, Esquire<br>Eckert Seamans Cherin & Mellott, LLC<br>600 Grant Street, 45th Floor<br>Pittsburgh, PA 15219<br>(412) 566-1289 |
| SPENCE ENGINEERING COMPANY, INC., | No Appearance docketed |
| THE GOODYEAR TIRE & RUBBER COMPANY, | Julie Nord Friedman, Esquire<br>John C. McMeekin, II, Esquire<br>Rawle & Henderson, LLP<br>The Henry W. Oliver Building, Suite 1000<br>535 Smithfield Street<br>Pittsburgh, PA 15222<br>(412) 261-5700 |
| THE WILLIAM POWELL COMPANY, | Edward A. Smallwood, Esquire<br>LITCHFIELD CAVO, LLP<br>Two Gateway Center<br>603 Stanwix Street, 10th Floor<br>Pittsburgh, PA  15222<br>(412)291-8243 |
| TRI-STATE GENERATION AND TRANSMISSION ASSOCIATION, INC., | No Appearance docketed |
| VERMONT YANKEE NUCLEAR POWER CORPORATION, | No Appearance docketed |
| VIACOMCBS INC. f/k/a CBS Corporation, a Delaware corporation f/k/a VIACOM, INC., successor by merger to CBS CORPORATION, a Pennsylvania corporation | Eric Horne, Esquire<br>Eckert Seamans Cherin & Mellott, LLC<br>600 Grant Street, 45th Floor<br>Pittsburgh, PA 15219<br>(412) 566-1289 |

| Party | Counsel of Record |
|---|---|
| f/k/a WESTINGHOUSE ELECTRIC CORPORATION, and<br><br>also as successor-in-interest to BF STURTEVANT, | |
| VIKING PUMP, INC. | No Appearance docketed |
| VISTRA CORP. f/k/a VISTRA ENERGY CORP. as successor-in-interest to DYNEGY INC., | |
| WARREN PUMPS LLC | No Appearance docketed |
| WEIR VALVES & CONTROLS USA INC.,<br><br>individually and as successor-in-interest to Atwood & Morrill Co., Inc., | No Appearance docketed |
| YUBA HEAT TRANSFER LLC, | Shannan Noe Cerrone, Esquire<br>Dickie, McCamey & Chilcote, P.C.<br>Two PPG Place, Suite 400<br>Pittsburgh, PA 15222-5402<br>(412) 281-7272 |

Respectfully submitted,

GORDON REES SCULLY MANSUKHANI, LLP

**By:** __/s/James B. Insco, II, Esquire_____

James B. Insco, II, Esquire
707 Grant Street, Suite 3800
Pittsburgh, PA 15219
(412)577-7400
(412) 347-5461(Fax)

Counsel for Electric Boat Corporation and
General Dynamics Corporation