IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHIRLEY A. CARPIN, as Executor of the Estate of SHIRLEY A. HILSTER, deceased, and CHARLES W. HILSTER, JR., individually,<br><br>        Plaintiffs,<br><br>vs.<br><br>AIR & LIQUID SYSTEMS CORPORATION, et al.,<br><br>        Defendants. | No. 2:20-cv-1537 |

**REPLY TO PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT THE WILLIAM POWELL CO.'S MOTION FOR SUMMARY JUDGMENT**

Defendant, The William Powell Co. ("Powell"), by and through its undersigned counsel of record, Edward A. Smallwood and the law firm of Post & Schell, P.C., submits the following Reply to Plaintiffs' Memorandum in Opposition to Defendant The William Powell Co.'s Motion for Summary Judgment and states as follows:

**I.  Summary of Argument.**

Plaintiffs have acknowledged that their entire case against Powell is based on the testimony of Charles Hilster and his general testimony regarding work on valves while employed as a pipe fitter for Electric Boat. Mr. Hilster's testimony is completely lacking in establishing that he worked with/around Powell valves on a regular or frequent basis. Rather, Mr. Hilster testified that he simply recalled seeing the name Powell on a valve or

in a plan or Navy specification. Mr. Hilster, however, could not recall a specific submarine where he installed or repaired a Powell valve; could not recall a specific application for Powell valves; could not recall the size, color, or type of any during his testimony Powell valve; and could not recall where on the valve he would have seen the name "Powell." As this Court has determined in prior asbestos cases, this type of evidence is insufficient to create an issue of material fact as to Shirley Hilster's exposure to a Powell valve to survive summary judgment.

## II. Law and Argument

### A. Plaintiffs cannot establish that exposure to Powell valves was a substantial factor in causing Shirley Hilster's injury.

To succeed on a strict liability theory under the Connecticut Product Liability Act, a plaintiff must establish causation. *See Murray v. Air & Liquid Sys. Corp.*, No. 3:18-cv-00889 (MPS), 2020 U.S. Dist. LEXIS 28888, at *5 (D. Conn. Feb. 20, 2020). ("[E]ach of [p]laintiff's claims under the CPLA includes causation as an essential element.)   "In a products liability/asbestos claim a plaintiff must 1) identify an asbestos-containing product for which a defendant is responsible, 2) prove that he has suffered damages, and 3) prove that defendant's asbestos-containing product was a substantial factor in causing his damages." *In re Asbestos Prod. Liab. Litig. (No. VI) (Olivar)*, No. CV 09-62577, 2011 WL 13254695, at *2 (E.D. Pa. Mar. 29, 2011) (*quoting Heilweil v. ABB, Inc.*, 2004 WL 2284114, at *1 (Conn. Super. Sept. 14, 2004)).

A plaintiff may prove that a defendant's product was a substantial factor using either direct evidence or "circumstantial evidence that will support an inference that there was exposure to the defendant's product for some length of time." *Abbay v. Armstrong Int'l, Inc.*, Civ. A. No. 1083248, 2012 WL 975837, at *1 n.1 (E.D. Pa. Feb. 29, 2012).[1] A demonstration of "minimal exposure" to a defendant's product is not sufficient. *Id.* Rather, the plaintiff must show "substantial exposure" to allow a reasonable inference—based on more than conjecture—that the defendant's product was a substantial factor in causing the plaintiffs injury. *Lindstrom v. A-C Prod. Liab. Trust,* 424 F.3d 488, 492 (6th Cir. 2005).

A general recollection of a product cannot overcome a motion for summary judgment. *Janis v. A.W. Chesterton, Inc.*, No. CV 17-167-MN-SRF, 2019 WL 264890, at *8 (D. Del. 2019).[2] In *Janis,* the court granted the defendant's motion for summary judgment to several pump manufacturers because the plaintiff only had a general recollection of the defendants' pumps in the U.S. Navy and could not place the pumps on a specific ship or provide information about how often he worked on a particular manufacturer's pump. *Id.* at * 5. There, the plaintiff had specifically recognized one of the manufacturer's names

---

[1] Plaintiffs argue that under the Connecticut Supreme Court's decision in *Champagne v. Raybestos-Manhattan*, 562 A.2d 1100, 1112 (Conn. 1989), they need only to present circumstantial evidence of exposure to defeat Powell's motion. *See* Plaintiff's Response, p. 15. As addressed in this Reply Brief, the mere recollection of a product, without more, is insufficient to create a reasonable inference of exposure.

[2] The *Janis* case was recently relied upon by Judge Stickman in *Gay v. A.O. Smith Corporation*, Case No. 2:19-cv-1311-WSS in granting Warren's motion for summary judgment in that case. *See* Memorandum Opinion dated June 17, 2021. (A copy of Judge Stickman's Memorandum Opinion is attached hereto as Exhibit A.)

3

from seeing it on packaging and on the pumps themselves and argued that the decedent handled hundreds of pumps and worked with them closely and on a regular, daily basis. The court found this testimony insufficient to create a factual dispute as to causation because the decedent provided no other details. *Id.* (Mr. Janis's testimony, at best, asserts that he generally worked on pumps hundreds of times. Without specific testimony regarding the "frequency, regularity, and proximity" of his work specifically with Warren pumps, the court would only be speculating as to whether plaintiffs alleged exposure to Warren's products was a substantial factor causing his injury. *See Thomasson v. Air & Liquid Systems Corp.*, 2015 U.S. Dist. LEXIS 46386, 2015 WL 1639730 at *3-4 (D.N.J. 2015)). The court found this testimony insufficient to create a genuine issue of material fact as to the causation inquiry.

Here, Mr. Hilster only had a general recollection of Powell valves. Mr. Hilster admitted that he could not place their product on a specific ship; could not identify a specific application for a Powell valve; could not recall the size, color or type of Powell valve he ever performed worked on; and could not provide information about how often he was exposed to asbestos from a Powell valve. Deposition of Charles Hilster, Vol. V, pp. 65:21-66:20.[3] Without specific testimony regarding the "frequency, regularity, and proximity" of his work specifically with Powell valves, this court would only be

---

[3] The testimony cited from Mr. Hilster's deposition is attached to Powell's Memorandum in Support of Motion for Summary Judgment at Exhibit B.

4

speculating as to whether Shirley Hilster's alleged exposure to Powell's products was a substantial factor causing her injury. As such, Powell's motion for summary judgment should be granted.

### B. Plaintiffs cannot establish that Charles Hilster had frequent, regular, and proximate exposure to asbestos fibers released from Powell products.

Under Pennsylvania law, a plaintiff cannot survive summary judgment when mere speculation would be required for the jury to find in plaintiff's favor.[4] *Juliano v. Johns-Manville Corp.*, 416 Pa. Super. 321, 611 A.2d 238, 239 (Pa. Super. 1992) (stating that "[i]n the absence of sufficient evidence demonstrating that plaintiff worked with or near the asbestos materials of a particular defendant, a jury cannot find, except by speculation, that it was a defendant's product which caused plaintiff's injury. Speculation, however, is an inadequate basis for recovery.") A jury is not permitted to find that it was a defendant's product that caused the plaintiff's injury based solely upon speculation and conjecture; "there must be evidence upon which logically its conclusion must be based." *Farnese v. Southeastern Pennsylvania Transp. Authority*, 338 Pa. Super. 130, 487 A.2d 887, 890 (Pa. Super. 1985). "In fact, the trial court has a duty to prevent questions from going to the jury which would require it to reach a verdict based on conjecture, surmise, guess

---

[4] While Powell had addressed Connecticut law in its original motion, Plaintiffs have subsequently argued and relied on Pennsylvania law in opposition to Powell's motion to exclude their expert witness testimony relative to causation. Powell has no objection to the application of Pennsylvania law in this matter and addresses it herein in further support of its motion.

5

or speculation." *Id*. at 890. Additionally, a party is not entitled to an inference of fact that amounts merely to a guess or conjecture. *Flaherty v. Pennsylvania Railroad Co.*, 426 Pa. 83, 231 A.2d 179, 180 (Pa. 1967). *See also, Krauss v. Trane U.S. Inc.*, 104 A.3d 556, 568, (Pa. Super. 2014).

This Court recently adopted the report and recommendation of Magistrate Judge Cynthia Eddy ruling on several product identification motions for summary judgment in *Michael Data v. A.O. Smith Corporation*, Case No. 2:19-cv-00879-MJH-CRE.  Powell was a defendant in that case and sought summary judgment arguing that while Powell valves were present at the plaintiff's worksite, there was insufficient evidence showing the necessary frequency, regularity, and proximity to survive summary judgment.  *See* Report and Recommendation, p. 29. (A copy of the Report and Recommendation is attached hereto as Exhibit B.)  In opposition to Powell's motion, the plaintiff cited to the deposition testimony of Powell's corporate representative and discovery responses that had been filed in other cases establishing that Powell sold valves that utilized asbestos gaskets and packing during the relevant time period.  Plaintiff also produced evidence revealing the existence of 240 Powell valves at the West Pittsburg power station where plaintiff worked.  Finally, plaintiff testified via his affidavit that he performed maintenance on valves at the West Pittsburg power station which involved the removal and replacement of asbestos gasket  and packing on valves.

This Court analyzed that evidence and in granting Powell's motion stated:

> Viewing the evidence in the light most favorable to the Plaintiff, there is not enough evidence to overcome summary judgment on product identification. Considering Plaintiff's evidence that there were 240 Powell-brand valves located at the plant, reviewing the records cited by Plaintiff, most of these valves were installed in 1939, forty-four years before Mr. Data began his employment at the plant. Plaintiff offers no other evidence that the Powell valves remained at the plant and relies on speculation that the originally installed Powell-brand valves remained in use at the plant during Mr. Data's employment. Even assuming this evidence was sufficient to show presence of Powell-brand valves at the plant, ***Plaintiff offers no evidence, direct or circumstantial, that Mr. Data encountered Powell-brand valves in a way that caused him to breathe dust created from maintaining these particular valves***. Mr. Data's testimony regarding his work on valves generally without more is insufficient to create a material issue of fact as to his exposure to Powell-brand valves.

*Id.* at p. 30-31 (emphasis added.)

This Court also granted DeZurik's motion in the *Data* case. In opposition to DeZurik's motion, the plaintiff had submitted evidence that DeZurik valves utilized asbestos components until the 1990's and that Mr. Data had testified to removing and installing DeZurik valves while working at the West Pittsburg Power Station between 1983 and 1988. *Id.* at p. 67-68. Plaintiffs also presented testimony from Mr. Data's co-workers who testified that the removal of packing material from valves created dust. In analyzing this evidence, this Court again determined that evidence of the plaintiff's exposure was based on speculation and that it was insufficient to defeat DeZurik's motion for summary judgment. *Id.* at 68.

The same would be true in this case. As noted above, Mr. Hilster admitted that he could not recall a specific submarine where he installed or repaired a Powell valve; could

not recall a specific application for Powell valves; could not recall the size, color, or type of any during his testimony Powell valve; and could not recall where on the valve he would have seen the name "Powell." Id. at pp. 65:21-66:20. If Mr. Hilster cannot recall the installation or repair of a Powell valve, it follows that any claim of exposure to respirable fibers is based entirely on speculation.

Moreover, Plaintiffs' naval expert does not identify Powell valves on any specific submarine that Mr. Hilster worked on at Electric Boat. Rather, the only evidence Plaintiffs present is Mr. Hilster's testimony that he "probably" saw that name on a valve or in the plans he reviewed at Electric Boat. *Id.* Like the testimony and evidence reviewed and analyzed by this Court in *Data*, this testimony is too speculative to create an issue of material fact as to Mr. Hilster's frequent, regular, and proximate exposure to Powell valves, and correspondingly, Mrs. Hilster's alleged exposure to asbestos from a Powell valve. As such, Powell's motion for summary judgment should be granted.

### III. Conclusion

To survive summary judgment in this asbestos-related product liability action, Plaintiffs are required to prove that Powell's asbestos-containing product was a substantial factor in causing Shirley Hilster's injury. Plaintiffs rely solely on Mr. Hilster's general recollection of Powell valves while working at Electric Boat, claiming that a jury could reasonably infer from this testimony that he was exposed to asbestos from a Powell product. As this Reply Brief demonstrates, Mr. Hilster's general recollection of Powell,

without more, cannot overcome Powell's motion for summary judgment and is insufficient to establish that exposure to Powell valves was a substantial factor in causing Shirley Hilster's injury. As such, Powell respectfully requests that its motion for summary judgment be granted.

                                      Respectfully submitted,
                                      POST & SCHELL, P.C.

                                      */s/ Edward A. Smallwood*
                                      Edward A. Smallwood, Esquire

                                      One Oxford Centre
                                      301 Grant Street, Suite 3010
                                      Pittsburgh, PA 15219

                                      *Attorneys for Defendant,*
                                      *The William Powell Co.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 29, 2022, a copy of ***Reply to Plaintiffs' Memorandum in Opposition to Defendant The William Powell Co.'s Motion for Summary Judgment*** is being filed electronically through the Court's CM/ECF system.

        POST & SCHELL, P.C.

By:    /s/ Edward A. Smallwood
        Edward A. Smallwood, Esquire

        One Oxford Centre
        301 Grant Street, Suite 3010
        Pittsburgh, PA 15219

        *Attorneys for Defendant,*
        *The William Powell Co.*