IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| SHIRLEY A. HILSTER, DECEASED; | ) | |
| CHARLES W. HILSTERJR., | ) | |
| INDIVIDUALLY; SHIRLEY A. CARPIN, | ) | 2:20-CV-01537-MJH |
| AS EXECUTOR OF THE ESTATE OF | ) | |
| SHIRLEY A. HILSTER, DECEASED; AND | ) | |
| SHIRLEY A. HILSTER, | ) | |
| | ) | |
| Plaintiffs, | ) | |

vs.

AIR & LIQUID SYSTEMS
CORPORATION, et al.,

Defendants,

OPINION

Plaintiffs bring the within action against many Defendants for Shirley A. Hilster's asbestos-related injuries and death.   Defendant, Eckel Industries, Inc., now moves for summary judgment pursuant to Fed. R. Civ. P. 56. (ECF Nos. 343).   Eckel has also moved to exclude Plaintiffs' expert, Dr. Edwin Holstein (ECF No. 349).  These matters are now ripe for consideration.

Upon Consideration of Eckel's Motion for Summary Judgment (ECF Nos. 343), the respective briefs of the parties (ECF Nos.  344, 375, and 386), the arguments of counsel, and for the following reasons, Eckel's Motion for Summary Judgment will be granted.  Based upon the Court's disposition Eckel's Motion for Summary Judgment, Eckel's Motion to Exclude Dr. Holstein will be dismissed as moot.

I.      Background

Plaintiffs initiated this asbestos-related personal injury action alleging that Shirley Hilster was exposed to asbestos from contact with her husband's work clothes and person when greeting

him home, laundering his work clothes, and spending time in his vehicle. Plaintiffs allege Mr.

Charles Hilster was employed as a pipefitter, hydraulic pipefitter, new construction project

manager and maintenance supervisor by various premises and naval shipyards from

approximately 1958 to 1987 and 1989 to 1995. (ECF No. 1 at ¶¶ 114-118.)

 Plaintiffs allege that Shirley Hilster was exposed to asbestos from laundering her

husband's work clothing throughout their marriage (with the exception of when Mr. Hilster

served in the Navy). Charles Hilster claimed that he was exposed to asbestos while working as a

pipefitter apprentice, pipefitter, supervisor, foreman, piping supervisor, assistant project manager

and project manager at various industrial facilities and naval shipyards beginning in 1957 and

continuing into 1975.  (ECF No. 320-1 at p. 12). Mr. Hilster testified that during this time period,

his wife Shirley would launder his work clothes and would have shaken out the clothing prior to

washing it. (ECF No. 350-1 at p. 57:8-16). Shirley Hilster was diagnosed with malignant

mesothelioma of the pleura in July 2020.   She died of this disease on October 11, 2020.

 Plaintiffs aver claims of Negligence (Count I), Strict Liability (Count II), Breach of

Implied Warranty (Count III), Negligence-Premises Liability (Count IV), Negligent Hiring,

Training and/or Supervision of Defendant-Employees (Count V), Gross Negligence; Willful,

Wanton, and Reckless Conduct (Count VI), False Representation (Count VII), Failure to Warn-

Product Defendants (Count VIII), Failure to Warn-Premises Defendants (Count IX), Conspiracy,

Concert of Action Damages (Count X), Wrongful Death (Count XI), and Survival (Count XII).

  Eckel's Motion for Summary Judgment contends that Plaintiffs' claims against it must

be dismissed because there is no evidence that Charles Hilster was exposed to asbestos from a

product sold or supplied by Eckel.  Further, Eckel argues that it, as a supplier of products, had no

reason to know in 1960 that bystander exposure to asbestos might cause disease.  Thus, Eckel maintains that it had no duty to warn Shirley Hilster.

II.     Standard of Review

According to Federal Rule of Civil Procedure 56, a court must grant summary judgment where the moving party "shows that there is no genuine dispute as to any material fact" and the moving party "is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  For a dispute to be genuine, there must be "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party."  *Moody v. Atl. City Bd. of Educ.*, 870 F.3d 206, 213 (3d Cir. 2017) (internal quotations omitted).  Additionally, for a factual dispute to be material, it must have an effect on the outcome of the suit.  *Id.*  In reviewing and evaluating the evidence to rule upon a motion for summary judgment, the court must "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the" non-moving party.  *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 265 (3d Cir. 2014) (internal quotations omitted).  However, where "the non-moving party fails to make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof,'" the moving party is entitled to judgment as a matter of law.  *Moody*, 870 F.3d at 213 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

"The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a jury verdict."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).  "Discredited testimony is not normally considered a sufficient basis for drawing a contrary conclusion. Instead, the plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment."  *Id.* at 256-57 (internal citation omitted).  "If the evidence is

merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (internal citations omitted).  Judges are not "required to submit a question to a jury merely because some evidence has been introduced by the party having the burden of proof, unless the evidence be of such a character that it would warrant the jury in finding a verdict in favor of the party." *Id.* at 251 (internal citation omitted).

     III.    Discussion

    Eckel argues that Plaintiffs have insufficient evidence to establish that Shirley Hilster was exposed and inhaled asbestos fibers from a product sold or supplied by Eckel Industries, Inc.   It maintains that, because Shirley Hilster was exposed to asbestos from the work clothes of her husband, Plaintiffs must produce evidence that Mr. Hilster worked around asbestos containing products sold or supplied by Eckel.  Eckel contends that Plaintiffs have produced no such evidence.

    Plaintiffs maintain that Mr. Hilster worked as a pipefitter at Electric Boat in Groton, Connecticut for 13 years, between 1957 and 1970.  During that period, Mr. Hilster asserts that he worked on pipes, pumps, valves, and related equipment on nuclear submarines.  Eckel supplied insulation to Electric Boat, and Plaintiffs maintain that two documents from 1960 purportedly prove that Eckel supplied asbestos-containing materials, namely "Kaylo" block and pipe covering insulation and 50,000 square feet of 80% asbestos cloth.  (ECF Nos. 375-7 and 375-9).  Plaintiffs assert that such purported Eckel materials were assigned to a class of submarines upon which Mr. Hilster allegedly worked.

    In response, Eckel addresses the two purchase orders at issue and argues that, despite Plaintiffs' contentions, the record does not support that Mr. Hilster worked with, encountered, or was exposed to any of the asbestos containing materials described in the purchase orders.  Eckel

argues that the jury would have to engage in impermissible speculation in attempting to connect the products referenced in the purchase orders to Mr. Hilster.

The parties' briefing agrees that Connecticut law applies to Plaintiff's claims against Eckel.   Under Connecticut law, a plaintiff asserting a claim for asbestos-related injuries must "1) identify an asbestos-containing product for which a defendant is responsible, 2) prove that he has suffered damages, and 3) prove that defendant's asbestos-containing product was a substantial factor in causing his damages." *Laposka v. Aurora Pump Co.*, 2004 WL 2222935, at *1 (Conn. Super. Sept. 14, 2004) (quoting *Roberts v. Owens-Corning Fiberglas Corp.*, 726 F. Supp. 172, 174 (W.D. Mich. 1989)).   "The plaintiff must produce evidence sufficient to support an inference that he inhaled asbestos dust from the defendant's product." *Drucker v. A.W. Chesterton Co.*, CV075006717S, 2009 WL 2231654, at *2 (Conn. Super. Ct. June 23, 2009) (citing *Peerman v. Georgia-Pacific Corporation*, 35 F.3rd 284, 287 (7th Cir.1994)).   "'Speculation does not create a genuine issue of fact; instead, it creates a false issue, the demolition of which is a primary goal of summary judgment.'" *Lexington Ins. Co. v. W. Pa. Hosp.*, 423 F.3d 318, 333 (3d Cir. 2005) (quoting *Hedberg v. Ind. Bell Tel. Co., Inc.*, 47 F.3d 928, 932 (7th Cir.1995).

Here, the evidence and testimony of record do not connect an Eckel-supplied asbestos containing product to Mr. Hilster without the insertion of speculation.   First, with regard to the September 12, 1960 Purchase Order, such indicates that General Dynamics/Electric Boat sought to purchase four (4) pieces of heat insulating block and nine (9) feet of pipe insulation from Eckel.   While Plaintiffs assert that these materials were "for use on submarines," the material referenced in the September 12, 1960, Purchase Order is labeled for use in a "Main Steam Mock-Up."   Mr. Hilster never testified to working on any main steam mock-up(s) nor have Plaintiffs identified where such work was performed at Electric Boat. Thus, Plaintiffs have not produced

any evidence that Mr. Hilster was exposed to the Eckel material referenced in the September 16, 1960 Purchase Order.   Moreover, a handwritten notation on the September 16, 1960 Purchase Order directs the material "to the South Yard carpenter shop."   Plaintiffs have produced no evidence of record that Mr. Hilster worked at the South Yard carpenter shop in September 1960.

Second, as regard the February 9, 1960 Purchase Order, such indicated that Electric Boat sought to purchase thermal asbestos cloth from Eckel.  However, no evidence establishes the actual delivery of said materials.   Nevertheless, even if the ordered cloth had been delivered, Plaintiffs have not established that Mr. Hilster worked with or around this ordered product.   A notation on the February 9, 1960 Purchase Order contained the following notation: "For EBDiv. Ref. Only: 589-597 requirements."   Said notations purportedly indicate that the ordered cloth was for use on submarines within the 589-597 designated number range.   The record establishes that Electric Boat built two submarines in this range, the USS Scorpion (SSN-589) and the USS Tullibee (SSN-597). According to Plaintiffs' naval expert, the Electric Boat shipyard in Groton, CT constructed the Scorpion in the late 1950s, and it was launched on December 29, 1959, prior to the February 9, 1960 Purchase Order.  (ECF No. 322-1 at p. 7).  Moreover, Mr. Hilster testified that, while the name "Scorpion" was familiar to him, he could not recall any specific work he may have performed on this submarine.  (ECF No. 344-2 at p. 2).  While the USS Tullibee was also built in Groton, CT, Mr. Hilster never testified or otherwise identified working on this submarine; thus, the record does not support that he was exposed to any asbestos from the materials identified on the February 9, 1960 Purchase Order.  Thus, the Plaintiffs have produced no evidence sufficient to establish any genuine issue of material fact that infers that Mr. Hilster was exposed to any asbestos containing material sold or supplied by Eckel.   Without direct or even circumstantial evidence that Mr. Hilster was definitively in the presence of an Eckel

product that contained asbestos, the jury would otherwise be invited to improperly speculate based upon such attenuated circumstances.  Because no reasonable juror could find that an Eckel product caused Mrs. Hilster's mesothelioma, Eckel is entitled to summary judgment.

Having determined that the Plaintiffs' claims against Eckel fail due to lack of causation evidence, the Court will not address Eckel's remaining arguments regarding a duty to warn Mrs. Hilster as a bystander.  Likewise, the Court will not address Eckel's Motion to Exclude Dr. Holstein.

IV.     Conclusion

Accordingly, based upon the foregoing, Eckel's Motion for Summary Judgment will be granted.  Judgment will be entered in favor of Eckel and against the Plaintiffs.  Eckel's Motion to Exclude Dr. Holstein will be dismissed as moot. A separate order will follow.

DATED this 27th day of May, 2022.

BY THE COURT:

MARILYN J. HORAN
United States District Judge

7