IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

SHIRLEY A. HILSTER, DECEASED; )
CHARLES W. HILSTER JR., )
INDIVIDUALLY; SHIRLEY A. CARPIN, )        2:20-CV-01537-MJH
AS EXECUTOR OF THE ESTATE OF )
SHIRLEY A. HILSTER, DECEASED; AND )
SHIRLEY A. HILSTER, )
                                                             )
         Plaintiffs, )

   vs.

AIR & LIQUID SYSTEMS
CORPORATION, et al.,

         Defendants,

## OPINION

Plaintiffs bring the within action against many Defendants for Shirley A. Hilster's asbestos-related injuries and death. Defendant, The William Powell Company, now moves for summary judgment pursuant to Fed. R. Civ. P. 56. (ECF Nos. 345). Powell has also moved to exclude Plaintiffs' expert, Dr. Edwin Holstein (ECF No. 351). These matters are now ripe for consideration.

Upon Consideration of Powell's Motion for Summary Judgment (ECF Nos. 345), the respective briefs of the parties (ECF Nos. 346, 377, and 387), the arguments of counsel, and for the following reasons, Powell's Motion for Summary Judgment will be granted. Based upon the Court's disposition Powell's Motion for Summary Judgment, Powell's Motion to Exclude Dr. Holstein will be dismissed as moot.

    I.    Background

Plaintiffs initiated this asbestos-related personal injury action alleging that Shirley Hilster was exposed to asbestos from contact with her husband's work clothes and person when greeting

him home, laundering his work clothes, and spending time in his vehicle. Plaintiffs allege Mr. Charles Hilster was employed as a pipefitter, hydraulic pipefitter, new construction project manager and maintenance supervisor by various premises and naval shipyards from approximately 1958 to 1987 and 1989 to 1995. (ECF No. 1 at ¶¶ 114-118.)

Plaintiffs allege that Shirley Hilster was exposed to asbestos from laundering her husband's work clothing throughout their marriage (with the exception of when Mr. Hilster served in the Navy). Charles Hilster claimed that he was exposed to asbestos while working as a pipefitter apprentice, pipefitter, supervisor, foreman, piping supervisor, assistant project manager and project manager at various industrial facilities and naval shipyards beginning in 1957 and continuing into 1975.  (ECF No. 320-1 at p. 12). Mr. Hilster testified that during this time period, his wife Shirley would launder his work clothes and would have shaken out the clothing prior to washing it. (ECF No. 350-1 at p. 57:8-16). Shirley Hilster was diagnosed with malignant mesothelioma of the pleura in July 2020.   She died of this disease on October 11, 2020.

Plaintiffs aver claims of Negligence (Count I), Strict Liability (Count II), Breach of Implied Warranty (Count III), Negligence-Premises Liability (Count IV), Negligent Hiring, Training and/or Supervision of Defendant-Employees (Count V), Gross Negligence; Willful, Wanton, and Reckless Conduct (Count VI), False Representation (Count VII), Failure to Warn-Product Defendants (Count VIII), Failure to Warn-Premises Defendants (Count IX), Conspiracy, Concert of Action Damages (Count X), Wrongful Death (Count XI), and Survival (Count XII).

In its Motion, Powell contends that Plaintiffs' claims against it must be dismissed because there is no evidence that Mr. Hilster was exposed to asbestos from a product manufactured or sold by Powell.  Further, Powell moves to dismiss the punitive damages claim.

II.	Standard of Review

According to Federal Rule of Civil Procedure 56, a court must grant summary judgment where the moving party "shows that there is no genuine dispute as to any material fact" and the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). For a dispute to be genuine, there must be "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party." *Moody v. Atl. City Bd. of Educ.*, 870 F.3d 206, 213 (3d Cir. 2017) (internal quotations omitted). Additionally, for a factual dispute to be material, it must have an effect on the outcome of the suit. *Id.* In reviewing and evaluating the evidence to rule upon a motion for summary judgment, the court must "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the" non-moving party. *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 265 (3d Cir. 2014) (internal quotations omitted). However, where "the non-moving party fails to make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof,'" the moving party is entitled to judgment as a matter of law. *Moody*, 870 F.3d at 213 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

"The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a jury verdict." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "Discredited testimony is not normally considered a sufficient basis for drawing a contrary conclusion. Instead, the plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Id.* at 256-57 (internal citation omitted). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (internal citations omitted). Judges are not "required to submit a question to a jury merely because some evidence has been introduced by the party having the burden of proof,

unless the evidence be of such a character that it would warrant the jury in finding a verdict in favor of the party." *Id.* at 251 (internal citation omitted).

### III. Discussion

Powell argues that Plaintiffs have insufficient evidence to establish that Shirley Hilster was exposed and inhaled asbestos fibers from a product sold or supplied by The William Powell Company. It maintains that, because Shirley Hilster was exposed to asbestos from the work clothes of her husband, Plaintiffs must produce evidence that Mr. Hilster worked around asbestos containing products sold or supplied by Powell. Powell contends that Plaintiffs have produced no such evidence.

Plaintiffs maintain that Mr. Hilster testified that he worked on valves supplied by Powell. Mr. Hilster testified that he worked as a pipefitter at Electric Boat in Groton, Connecticut for 13 years, between 1957 and 1970. During that period, Mr. Hilster asserts that he worked on pipes, pumps, valves, and related equipment on nuclear submarines. Plaintiffs argue that Mr. Hilster removed gasket material from Powell valves and that the gasket and packing material used in Powell valves contained asbestos.

In response, Powell contends that Mr. Hilster's testimony does not establish that he worked with or around Powell valves on a regular or frequent basis. Instead, Powell argues that Mr. Hilster only testified that he recalled seeing the name Powell on a valve or in a plan or Navy specification. Powell maintains that Mr. Hilster could not recall a specific submarine where he installed or repaired a Powell valve could not recall a specific application for Powell valves; could not recall the size, color, or type of any during his testimony Powell valve; and could not recall where on the valve he would have seen the name "Powell." Therefore, Powell maintains

4

that this type of evidence is insufficient to create an issue of material fact as to Shirley Hilster's exposure to a Powell valve to survive summary judgment.

The parties' briefing agrees that Connecticut law applies to Plaintiffs' claims against Powell.  Under Connecticut law, a plaintiff asserting a claim for asbestos-related injuries must "1) identify an asbestos-containing product for which a defendant is responsible, 2) prove that he has suffered damages, and 3) prove that defendant's asbestos-containing product was a substantial factor in causing his damages." *Laposka v. Aurora Pump Co.*, 2004 WL 2222935, at *1 (Conn. Super. Sept. 14, 2004) (quoting *Roberts v. Owens-Corning Fiberglas Corp.*, 726 F. Supp. 172, 174 (W.D. Mich. 1989)).  "The plaintiff must produce evidence sufficient to support an inference that he inhaled asbestos dust from the defendant's product." *Drucker v. A.W. Chesterton Co.*, CV075006717S, 2009 WL 2231654, at *2 (Conn. Super. Ct. June 23, 2009) (citing *Peerman v. Georgia-Pacific Corporation*, 35 F.3rd 284, 287 (7th Cir.1994)).  A general recollection of a product cannot overcome a motion for summary judgment. *Gay v. A.O. Smith Corp.*, 2:19-CV-1311, 2021 WL 2652926, at *4 (W.D. Pa. June 28, 2021)   Further, "'[s]peculation does not create a genuine issue of fact; instead, it creates a false issue, the demolition of which is a primary goal of summary judgment.'" *Lexington Ins. Co. v. W. Pa. Hosp.*, 423 F.3d 318, 333 (3d Cir. 2005) (quoting *Hedberg v. Ind. Bell Tel. Co., Inc.*, 47 F.3d 928, 932 (7th Cir.1995).

Here, the evidence and testimony of record do not connect any Powell-supplied asbestos containing product to Mr. Hilster without the insertion of speculation and reliance on only a recollection of the "Powell" name.  Mr. Hilster was deposed and questioned extensively regarding his alleged occupational exposures to asbestos.   With regard to Powell, Mr. Hilster testified that he recalled seeing the name Powell "probably on the valve or in the plan" or Navy

5

specifications. (ECF No. 346-2 at p. 4). Mr. Hilster, however, could not recall a specific submarine where he installed or repaired a Powell valve; could not recall a specific application for Powell valves; could not recall the size, color, or type of any Powell valve; and could not recall where on the valve he would have seen the name "Powell." *Id*. at pp. 4-5. Further, Mr. Hilster offered no evidence or testimony that he was present while others performed work on a Powell valve. Mr. Hilster's recollection of the name Powell from a valve or from plans does not establish his exposure to asbestos from a Powell valve. While he certainly may have generally worked with other valves and gaskets containing asbestos, the evidence does not support Mr. Hilster's contact with asbestos from Powell products.

In addition, Plaintiffs' naval expert, Capt. Bruce Woodruff acknowledged that he saw no reference to Powell valves in any of the documents or materials he reviewed as part of his research into equipment that Mr. Hilster worked with while employed at Electric Boat. Therefore, Plaintiffs have produced no evidence sufficient to establish any genuine issue of material fact that infers that Mr. Hilster was exposed to any asbestos containing material sold or supplied by Powell. Without direct or even circumstantial evidence that Mr. Hilster was definitively in the presence of Powell product that contained asbestos, the jury would otherwise be invited to improperly speculate based upon such attenuated circumstances. Because no reasonable juror could find that a Powell product caused Mrs. Hilster's mesothelioma, Powell is entitled to summary judgment.

Having determined that the Plaintiffs' claims against Powell fail due to lack of causation evidence, the Court will not address Powell's remaining arguments regarding punitive damages. Likewise, the Court will not address Powell's Motion to Exclude Dr. Holstein.

    IV.    Conclusion

Accordingly, based upon the foregoing, Powell's Motion for Summary Judgment will be granted. Judgment will be entered in favor of Powell and against the Plaintiffs. Powell's Motion to Exclude Dr. Holstein will be dismissed as moot. A separate order will follow.

DATED this 27th day of May, 2022.

BY THE COURT:

_____
MARILYN J. HORAN
United States District Judge